[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-16101
Non-Argument Calendar

_____

D. C. Docket No. 04-00261-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVARIO HEREA-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Herea-Martinez, through counsel, appeals his 135-month sentence for conspiracy and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. 960(b)(1)(B)(ii). On appeal, Herea-Martinez argues that the district court erred in denying his request for a mitigating-role reduction. He also argues that the court committed reversible error under *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), when it (1) denied his request for a mitigating-role reduction on the basis of facts neither alleged in the indictment nor admitted by him, and (2) sentenced him under a mandatory Guidelines system.

**Mitigating-Role Reduction**

"[A] district court's determination of a defendant's role in the offense is a question of fact to be reviewed under the clearly erroneous standard." *United States v. De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (*en banc*). A defendant who is "plainly among the least culpable of those involved in the conduct of a group," is entitled to a four-level reduction for his minimal role in the offense. U.S.S.G. § 3B1.2(a), cmt. n.4. A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a

two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), cmt. n.5. "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d 939.

In *De Varon*, we established a two-part test for whether a mitigating-role reduction is appropriate. *See id.* at 940-45. In applying the first prong, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." *Id.* at 940. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor [or minimal] role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43. Critically, the first prong of *De Varon* is often dispositive. *Id.* at 945. "Only if a defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable . . . should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.

In the second prong of the *De Varon* analysis, the district court may assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." *Id.* at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Id.* The district court has "considerable discretion in making the fact-intensive determination." *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002).

Here, the record supports the district court's findings that the conduct attributed to Herea-Martinez was identical to his actual conduct and that he did not demonstrate that he was less culpable than his codefendants. Accordingly, we conclude that the district court did not clearly err, and we affirm the district court's denial of Herea-Martinez's request for a mitigating-role reduction.

**Blakely/Booker**

When an applicant has timely objected to the application of the Sentencing Guidelines, we review his *Blakely/Booker* claim "in order to determine whether the error was harmless." *United States v. Mathenia*, No. 04-15250, slip. op. at 2328 (11th Cir. May 23, 2005). "[C]onstitutional errors are harmless where the

4

government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." *Id.*

> A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.

*Id.* at 2328-29 (quotations and alterations omitted). "It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." *Id.* at 2329; *see also United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.) (describing the defendant's burden under plain-error analysis), *cert. denied*, (U.S. June 20, 2005) (No. 04-1148).

In *Blakely*, the Supreme Court struck down an upward departure imposed under Washington state sentencing guidelines that was based solely on judicial factfinding, clarifying that the relevant "statutory maximum' for *Apprendi*[1] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at ___, 124 S. Ct. at 2534-38. In *Booker*, the Supreme Court extended this holding to the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

Federal Sentencing Guidelines. 543 U.S. at ___, 125 S. Ct. at 756. To cure the Sixth Amendment violation in *Booker*, the Supreme Court (1) exercised two statutory provisions that reinforced the mandatory nature of the Guidelines, (2) held that the Guidelines were advisory, and (3) determined that sentences should be reviewed on appeal for reasonableness, considering the 18 U.S.C. § 3553(a) factors.[2] *Id.* at ___, 125 S. Ct. at 764.

We have held that there could be two distinct *Booker* errors – (1) the error of imposing a sentence enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, or "constitutional error"; and (2) the error of being sentenced under a mandatory guidelines system, or "statutory error." *See Mathenia*, No. 04-15250, slip op. at 2328. When there is no constitutional *Booker* error, this court still must determine whether the non-constitutional *Booker* error in sentencing a defendant under the Guidelines as mandatory constituted reversible error. *See United States v. Gallegos-Aguero*, No.

___

[2]The factors set forth in § 3553(a) include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 1353(a).

04-14242, slip op. at 2308 (11th Cir. May 18, 2005) (holding that "[t]he use of the guidelines as mandatory [is] error, even in the absence of a Sixth Amendment violation").

In the preserved error context where the government bears the burden of proving that the statutory error is harmless, we have affirmed a defendant's sentence, despite the *Booker* error when the district court stated its sentences would be the same even if the Supreme Court affirmed the decision in *Booker* and held that "under *Blakely*, the United States Sentencing Guidelines [were] unconstitutional . . . ." *See Mathenia*, No. 04-15250, slip. op. at 2328-30.

Although Herea-Martinez suggests that the district court committed a constitutional *Booker* error in denying his request for a mitigating-role reduction on the basis of facts neither alleged in the indictment nor admitted by him, (1) by its own terms *Booker* refers only to factors that increase a defendant's sentence, *see Booker*, 543 U.S. at ___, 125 S. Ct. at 756; and (2) even if *Booker* applied to sentence reductions, the sentencing court denied Herea-Martinez's request for a role reduction on the basis of acts that Herea-Martinez admitted during the change-of-plea hearing. Accordingly, we conclude that the district court did not commit a constitutional *Booker* error.

In regard to the non-constitutional *Booker* error, because the district court sentenced Herea-Martinez at the bottom of his guideline range and did not offer an indication that its sentence would have been the same if the Guidelines were not mandatory, the government cannot show "with fair assurance" that the mandatory nature of the Guidelines did not substantially sway Herea-Martinez's sentence. *See Mathenia*, No. 04-15250, slip op. at 2329. Therefore, the statutory *Booker* error is not harmless.

For the foregoing reasons, we affirm the district court's denial of Herea-Martinez's request for a mitigating-role reduction, but we vacate Herea-Martinez's sentence and remand this case for resentencing consistent with *Blakely* and *Booker*.

**AFFIRMED in part and VACATED and REMANDED in part.**