[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15932
Non-Argument Calendar

_____

D.C. Docket No. 03-00649-CR-RWS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARON CARL SMITH,
a.k.a. Michael P. Babinchak,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(August 18, 2005)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Baron Carl Smith appeals his sentence for illegally re-entering the United

States after previously being removed, in violation of 8 U.S.C. § 1326(a)(2),

(b)(2). Smith pled guilty to the one-count indictment for illegal re-entry. The government presented the factual basis for the indictment at the plea hearing, representing that Smith "had felony convictions for carrying a firearm without a license and receiving stolen property" before his deportation in 2003. R2 at 22. Smith admitted that he was convicted of those crimes, but emphasized that he was pleading guilty only to the indictment and asserted that the prior convictions were neither presented to the grand jury nor alleged in the indictment. Id. at 23-24. The probation officer calculated Smith's guidelines range as 18-24 months based on a total offense level of 13 and a criminal history category of III.

At sentencing, Smith argued that a proposed 8-level enhancement based on his prior convictions was not included in the indictment and thus violated Blakely v. Washington, _ U.S. _, 124 S. Ct. 2531 (2004). R3 at 2. Based on this court's precedent, the district court overruled the objection. Id. at 2. The district court subsequently sentenced Smith to a term of imprisonment of 21 months and 3 years supervised release.

On appeal, Smith argues that the district court violated his Sixth Amendment right pursuant to United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), by enhancing his sentence with prior convictions not charged in the

indictment or proven to a jury. He also contends that the district court should have considered the guidelines in an advisory rather than a binding manner.

When a defendant raises a constitutional objection to sentencing enhancements in the district court, we review the sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). To preserve a Booker error, the timely constitutional objection must have referred to the Sixth Amendment, Apprendi or other related cases, or the right to have the jury decide the disputed fact, or have raised a challenge to the judge's role as fact-finder with regard to sentencing. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005). In Booker, the Supreme Court held that a defendant's Sixth Amendment right to trial by jury is violated by the imposition of a sentencing enhancement under the mandatory y federal sentencing guidelines scheme based upon facts neither admitted by the defendant nor found by the jury. Booker, 543 U.S. at __, __, 125 S. Ct. at 749-56, 764. Based on Booker, we have stated that there can two Booker errors: (1) a Sixth Amendment error by the imposition of a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error by being sentenced under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

We will reverse a sentence only if the district court's sentencing error was harmful. Paz, 405 F.3d at 948. A constitutional error is harmless when it is clear beyond a reasonable doubt that the error did not contribute to the sentence imposed. Id. The government bears the burden of showing "that the error did not affect the defendant's substantial rights." Id. There is, however, no Sixth Amendment violation when a defendant's sentence is enhanced based on prior convictions. United States v. Gallegos-Aguero, 409 F.3d 1274, 1276 (11th Cir. 2005).

> A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect. If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error.

United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (quotation marks omitted and citation omitted). The government's burden in proving harmless error for a non-constitutional error is difficult. Id. at 1292.

The district court did not err by enhancing Smith's sentence based on his prior convictions. The district court, however, committed error by sentencing Smith under a mandatory guidelines system. Because Smith preserved the error below, we review for harmless error. The error was harmful because the government has not shown that the error did not affect Smith's sentence or

substantial rights, and the record does not indicate that the district court would have sentenced in the same manner if the guidelines were not mandatory. Therefore, the district court committed harmful error. Accordingly, we vacate and remanding for resentencing.

**VACATED AND REMANDED.**