[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2005
THOMAS K. KAHN
CLERK

No. 04-14242
Non-Argument Calendar

_____

D.C. Docket No. 03-00467-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GALLEGOS-AGUERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Guillermo Gallegos-Aguero appeals his 96-month sentence for illegal

re-entry into the United States following a conviction for an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b)(2). Gallegos-Aguero argues that the

district court violated his Sixth Amendment rights by imposing a 16-level increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii),[1] based on the fact of his prior conviction for "an alien smuggling offense" which was neither admitted by him nor proved to a jury beyond a reasonable doubt. Gallegos-Aguero argues that Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) has cast doubt on the continued validity of the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Gallegos-Aguero also argues that his case is distinguishable from Almendarez-Torres, because he never stipulated to the characterization of his prior offense as a qualifying offense under § 2L1.2(b)(1)(A)(vii) and because he objected to the court's use of the preponderance of the evidence standard to find the existence of that aggravating factor.

---

[1] The presentence report cites the 16-level enhancement as one under § 2L1.2(b)(1)(A)(vi), which governs enhancement for a prior "human trafficking offense." Because the PSI describes Gallegos-Aguero's prior conviction as an "alien smuggling offense," we presume the reference to § 2L1.2(b)(1)(A)(vi) is a typographical error, and will treat the enhancement as having been made under § 2L1.2(b)(1)(A)(vii). This distinction is irrelevant to our decision.

Compounding the confusion, however, Gallegos-Aguero's brief repeatedly states his complaint as directed towards what he identifies as a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii), which he claims was applied based on the characterization of his prior conviction as an "aggravated felony." In reality, § 2L1.2(b)(1)(A)(ii) provides for enhancement for a "crime of violence" and does not appear to have been applied here. We therefore construe Gallegos-Aguero's Blakely argument as being directed to the 16-level enhancement based upon his prior conviction for an alien smuggling offense, pursuant to § 2L1.2(b)(1)(A)(vii), as that is the only cognizable target for his objection.

Because Gallegos-Aguero objected to the enhancements to his sentence in the district court, we review his sentence de novo. United States v. Paz, ___ F.3d ___, ___, (11th Cir. 2005), 2005 WL 757876, at *2. We will reverse the district court only if the error was harmful. Id. We find that the district court's use of prior convictions to enhance Gallegos-Aguero's sentence did not violate the Sixth Amendment. Subsequent to the filing of the briefs in this case, the Supreme Court issued its opinion in United States v. Booker, 543 U.S. ___, ___, 125 S.Ct. 738 (2005), in which it held that Blakely applies to the federal Sentencing Guidelines and reaffirmed its Apprendi holding that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Post-Booker, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A). See United States v. Orduno-Mireles, ___ F.3d ___, ___, (11th Cir. 2005), 2005 WL 768134, at *2. Similarly, we find no merit in Gallegos-Aguero's argument that the Sixth Amendment requires that a jury, not a judge, must determine whether his prior conviction is within the category of offenses specified in § 2L1.2(b)(1)(A)(vii). See United States v.

3

Shelton, 400 F.3d 1325, 1329 & n.4 (11th Cir. 2005); Shepard v. United States, 125 S.Ct. 1254, 1262-63 (2005).

However, because Gallegos-Aguero was sentenced under the pre-Booker mandatory sentencing scheme, there is error in light of the Supreme Court's remedial holding in Booker.  See United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005).  The use of the guidelines as mandatory was error, even in the absence of a Sixth Amendment violation.  See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).  Because Gallegos-Aguero preserved his Blakely/Booker claim at sentencing, we review for harmless error.  See United States v. Paz, ___ F.3d ___, ___ (11th Cir. 2005), 2005 WL 757876, at *2.

Non-constitutional error is harmless when it does not affect the substantial rights of the parties.  See 28 U.S.C. § 2111; United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999).  Under this standard, we must reverse "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence in determining the [result]."  Id. (internal quotation marks omitted); see also Kotteakos v. United States, 328 U.S. 750, 776 (1946).  The burden is on the government to show that the error did not affect the defendant's substantial rights. See Paz, ___ F.3d at ___, 2005 WL 757876, at *2.

Having carefully reviewed the presentence investigation report and the transcript of Gallegos-Aguero's sentencing hearing, we find that the district court's use of the guidelines as mandatory constituted harmless error. The district court judge sentenced Gallegos-Aguero to the highest sentence available under the applicable guideline range, and considered sentencing Gallegos-Aguero to 20 years, the maximum allowable under the statute of conviction.[2] We thus find that the use of the mandatory guideline scheme resulted in no actual prejudice to Gallegos-Aguero. Therefore, his Blakely/Booker challenge must fail.

**AFFIRMED**.

---

[2] We do not consider whether the district court judge would actually have had the authority to impose such a sentence. We note his comments only because they provide an indication as to whether Gallegos-Aguero might have received a lower sentence had the judge been working with the greater discretion of the advisory scheme.