[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13978
Non-Argument Calendar

_____

D. C. Docket No. 04-00008-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY GIOVANARDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2005)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jeremy Giovanardi appeals his 18-month sentence for his violation of 21

U.S.C. section 846 by possessing with the intent to distribute cocaine. On appeal, Giovanardi argues, that the district court committed both constitutional and statutory errors, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), when it sentenced Giovanardi under a mandatory sentencing regime based on a drug quantity that was not found by a jury. Because the district court did not commit a constitutional error and its statutory error was harmless, we affirm.

Giovanardi was indicted for possessing with intent to distribute "a detectable amount" of cocaine. Giovanardi sold to a government informant a total of 171.1 grams of cocaine–54.6 grams of cocaine on one occasion and 116.5 grams of cocaine on another occasion. Before trial, the government sent Giovanardi a "Notice of Penalties, Elements, and Facts" that alleged a drug quantity of approximately 171.1 grams purchased by the informant. Giovanardi did not object to that statement either before or during the hearing at which Giovanardi pleaded guilty.

At his sentencing hearing, Giovanardi objected on the ground that the indictment charged him only with possession of "a detectable amount" of cocaine and "a detectable amount" was the maximum drug quantity that the district court could employ in sentencing him. The district court overruled that objection and sentenced Giovanardi to 18 months' imprisonment, at the high end of his Guideline

2

range, because Giovanardi tested positive for cocaine use while out on bond.

Giovanardi timely raised his objection, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), at his sentencing hearing. "Where there is a timely objection, we review the defendant's Booker claim in order to determine whether the error was harmless." United States v. Mathenia, No. 04-15250, ___ F.3d ___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005). As this Court discussed in Mathenia, "[t]here are two harmless error standards. One of them applies to Booker constitutional errors, the other to Booker statutory errors." Id. The standard for constitutional error requires the government to show "beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. The standard for statutory error requires us to determine whether the error either did not affect the sentence or only had a very slight effect. Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004)). The standard of review for statutory error "is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id.

Giovanardi argues that the district court erroneously calculated his sentence based a drug quantity that was not charged in the indictment or found by a jury. Giovanardi contends that his 18-month sentence, which was based on a drug

3

quantity of 171.1 grams of cocaine, is less advantageous than the sentence of zero to six months to which he was entitled. Giovanardi also argues that the district court committed statutory error, under Booker, when it sentenced him under the Sentencing Guidelines as a mandatory, not advisory, system.

Giovanardi's constitutional argument fails because he did not object to the factual statement of the government that included the drug quantity for which he was sentenced. Before the Supreme Court decided Booker, we stated that "a stipulation to a specific drug quantity–whether as part of a written plea agreement, part of a jury trial, or at sentencing–serve[s] as the equivalent of a jury finding on that issue, since the stipulation takes the issue away from the jury." United States v. Sanchez, 269 F.3d 1250, 1271 (11th Cir. 2001). Booker did not change that rule.

After Booker, we held that a sentence imposed based on facts that a defendant admitted was not constitutional error. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Giovanardi did not object to the factual statement of the government, which included the allegation that Giovanardi possessed with the intent to distribute 171.1 grams of cocaine. The district court did not commit constitutional error when it sentenced Giovanardi based on that fact.

Giovanardi's statutory argument also fails. After Giovanardi was sentenced

4

in the district court, the Supreme Court determined "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). A statutory error was committed when the district court sentenced Giovanardi under a mandatory guidelines regime, but the error was harmless.

We can say with fair assurance that the statutory error had no effect on Giovanardi's sentence. In United States v. Gallegos-Aguero, the defendant was sentenced "to the highest sentence available under the applicable guideline range, and [the district judge] considered sentencing Gallegos-Aguero . . . the maximum allowable under the statute of conviction." No. 04-14242, ___ F.3d ___, 2005 WL 1160635, at *2 (11th Cir. May 18, 2005). The statutory error was harmless because the defendant was sentenced on the high end of the Guideline range, id., and, as the Tenth Circuit stated, the district judge "exercised his limited discretion under the pre-Booker system to give [the defendant] the highest permissible sentence." United States v. Riccardi, 405 F.3d 852, 876 (10th Cir. 2005).

The same facts are present here; the district court imposed the maximum sentence available under the mandatory Guidelines system and adequately

explained its rationale for imposing that sentence. When asked by the federal public defender to impose a lenient sentence, the district court stated that the "request of a year and a day would normally seem like an appropriate sentence in this case. I'm not going to accept it in this case. I'm going to impose the maximum sentence under [the G]uidelines because of the drugs while on bond." The district court further explained its rationale: "[Mr. Giovanardi, y]ou need to realize for a number of factors you have to stop using drugs. You have a family and either this is the beginning of your criminal activity or the end of it. Your attorney says it's the end. I hope he's right."

The government has met its high burden. The statutory error was harmless because the district court sentenced Giovanardi at the high end of the Guideline range because of his positive test for cocaine while on bond awaiting trial. The use of advisory Guidelines would not have changed that fact.

We conclude that the district court did not commit Booker constitutional error. We also conclude that, although the district court committed statutory error when it sentenced Giovanardi under a mandatory system, that error was harmless.

**AFFIRMED.**

6