[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2005
THOMAS K. KAHN
CLERK

No. 04-12512
Non-Argument Calendar

_____

D. C. Docket No. 03-00430-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMES BRUCE BIFFLE, JR.,
a.k.a. Romes Stubblefield,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 1, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

On December 13, 2004, we issued an unpublished opinion affirming Romes Bruce Biffle, Jr.'s ("Biffle") 70-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861. The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of its decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). We directed the parties to file supplemental letter briefs in light of the Supreme Court's remand. After reviewing these supplemental letter briefs and the sentencing transcript, we find no error and affirm Biffle's sentence.

**DISCUSSION**

Biffle first raised his *Blakely/Booker*, claim in his initial brief to our court. Accordingly, we must review Biffle's sentence for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

A. *Sixth Amendment Booker Error*

There is no Sixth Amendment error under *Booker* where a defendant, like Biffle, admitted facts later used by the district court to enhance his sentence. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). Biffle pled guilty

2

to possession of a firearm by a convicted felon. Pursuant to U.S.S.G. § 2K2.1(b)(5), the district court assessed Biffle a four-level increase in his base offense level because it found that he had possessed the firearm in connection with another felony offense, specifically obstruction of a police officer. Because Biffle admitted the facts used by the district court to enhance his sentence, there is no Sixth Amendment error under *Booker*. *Shelton*, 400 F.3d at 1329-30 (noting that the *Booker* Court left undisturbed the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had [a] prior conviction for a district court to use [that] prior conviction[] for purposes of enhancing a sentence").

B. *Remedial Booker error*

The government concedes that there is statutory *Booker* error even in the absence of a Sixth Amendment enhancement violation. *See United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276-77 (11th Cir. 2005). Because Biffle did not raise his *Booker* claim in the district court, we will not correct any error unless there is an error, that is plain, and that affects substantial rights. *United States v. Dowling*, 403 F.3d 1242, 1247 (11th Cir. 2005). Only if all three of these conditions are met may this court exercise its discretion to notice a forfeited error,

3

and then only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

Since the district court sentenced Biffle based on judicially-found facts under a mandatory Guidelines sentencing scheme, the sentencing procedure employed by the district court constituted error, and that error was plain. *Rodriguez*, 398 F.3d at 1298-99. Thus, the first two prongs of the plain error test are met.

However, Biffle fails to meet the third prong of the test. *See id.* at 1299 (stating that the defendant bears the burden of persuasion with respect to the third prong). The burden of establishing the third prong, "is anything but easy." *Shelton*, 400 F.3d at 1332. To establish this prong, Biffle must establish that there is a reasonable probability of a different result if the court had applied the guidelines as merely advisory, instead of setting a mandatory sentencing range. *Id.* at 1301. "A reasonable probability of a different result means a probability sufficient to undermine confidence in the outcome. *Shelton*, 400 F.3d at 1332 (internal quotations and citation omitted).

A review of the sentencing transcript indicates that at no time did the district court express a desire to impose a sentence outside the Guidelines range. As such,

4

Biffle cannot establish "reasonable probability of a different result." *Shelton*, 400 F.3d at 1332. Hence, Biffle fails to meet the third prong of the plain error test.

Our December 13, 2004, opinion is **REINSTATED** and Biffle's sentence is **AFFIRMED.**