[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 3, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15125
Non-Argument Calendar

_____

D. C. Docket No. 04-60014-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Willie James Collins pleaded guilty to one count of conspiracy to defraud

the United States, in violation of 18 U.S.C. § 286, and one count of making a false, fictitious, or fraudulent claim against the United States, in violation of 18 U.S.C. § 287. He challenges his 37-month sentence on the grounds that the district court violated United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by enhancing his sentence based on facts that were neither proven to a jury nor admitted by him. He also contends that the district court committed a Booker statutory error by sentencing him under a mandatory guidelines regime.

The government concedes that the district court committed a Booker statutory error. Because Collins gave a timely objection before the district court, we review the error to determine whether it was harmless. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (marks and quotations omitted). The government has not met its burden under this standard.

The only evidence the government points to in arguing that the Booker statutory error was harmless is the fact that Collins was sentenced to the top of the 30 to 37 month sentencing-range produced by the guidelines. That evidence alone

is not enough to provide a "fair assurance that the sentence was not substantially swayed by the error," id. (marks and quotations omitted). Cf. United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (holding the Booker statutory error harmless in that case where the district court sentenced the defendant to the top of the sentencing range and explicitly "considered sentencing [the defendant] to 20 years, the maximum allowable under the statute of conviction"). As a result, the government has failed to establish that the Booker statutory error was harmless.[1]

Collins' sentenced is VACATED and the case is REMANDED for resentencing.

---

[1] Because we find resentencing necessary due to the Booker statutory error, we need not address Collins' arguments regarding any alleged Booker constitutional error.