[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2005
THOMAS K. KAHN
CLERK

No. 04-16640
Non-Argument Calendar

_____

D. C. Docket No. 04-00014-CR-BAE-6-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARVIS SMALL,
a.k.a. Roots,
a.k.a. Sean,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 25, 2005)

Before ANDERSON, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Darvis Small appeals his 110-month sentence stemming from his plea of guilty to distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Small was charged with distribution of approximately 24 grams of crack cocaine and aiding and abetting his co-defendant, Jennifer Blaine, in the distribution of approximately 57 grams of crack cocaine, both in violation of 21 U.S.C. § 841(a).

Pursuant to a plea agreement, Small pled guilty to distribution of 24 grams of crack, and the aiding and abetting charge was dismissed. In calculating Small's sentence, the district court found that the 57-gram aiding and abetting charge was relevant conduct in Small's offense because Blaine stated that she obtained 57 grams of crack cocaine from Small and Small admitted that he supplied Blaine with an amount of crack cocaine. As a result, the court found that Small was responsible for a total of 82 grams of crack cocaine.

On appeal, Small challenges the district court's finding that the 57 grams of crack was relevant conduct because the aiding and abetting charge was dismissed and he did not admit the allegations made in the charge. He asserts that he was denied his right to a jury trial and his case should be remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Because Small timely objected before the district court, we review his *Booker* claim *de novo*. *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005). We will reverse the district court's decision only if the error was harmful. *Id.*

In *Booker*, the Supreme Court held "that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935 (2005) (citing *Booker*, 125 S. Ct. at 749-56). Based on this holding, we have found "that the district courts could have made both a constitutional and a statutory error in sentencing defendants pre-*Booker*." *United States v. Mathenia*, 409 F.3d 1289,1291 (11th Cir. 2005). "The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined." *Id.* (quotation omitted). "The statutory error occurs when the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." *Id.* (quotations omitted).

3

In the present case, Small only asserts that the district court committed a constitutional error based on its finding that he was responsible for 57 grams of crack cocaine, in addition to the 24 grams for which he admitted his culpability. A constitutional error is harmless, "where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." *Id.*

As a preliminary matter, we conclude that the district court did not err in considering the 57 grams in count one as relevant conduct. Our precedent states that "relevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offenses of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005) (quotations omitted). *Booker* did not erode this precedent, but, instead, "suggests that sentencing judges can continue to consider relevant acquitted conduct when applying the Guidelines in an advisory manner." *Id.* at 1305. Based on Blaine's statement that Small gave her the 57 grams of crack, and Small's admission that he gave Blaine a quantity of crack, the district court would not have erred in finding that the 57 grams were relevant to Small's distribution conviction if it had considered that conduct under an advisory guideline system. However, the district

4

court considered the relevant conduct under a mandatory guideline system, which is error.

Because nothing in the record indicates whether the district court would have sentenced Small in a similar manner if, after calculating the applicable guideline range, the guidelines were not mandatory, the government cannot show beyond a reasonable doubt that the court's error did not contribute to Small's sentence. Accordingly, we vacate Small's sentence and remand this case for re-sentencing.

**VACATED and REMANDED.**