[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10392
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20285-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUNO GASPAROTTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2005)

Before HULL, MARCUS and WILSON,  Circuit Judges.

PER CURIAM:

Bruno Gasparotto appeals his 228-month total sentence, imposed after he

pled guilty, pursuant to a written plea agreement, to conspiring to possess with

intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §

846, and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1(A)(i). He argues the district court violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), by imposing his sentence under a mandatory sentencing regime. The government agrees that there was Booker non-constitutional error and that the case should be remanded for the district court to impose sentence in accordance with the remedial holding of Booker.

Because Gasparatto did not raise his Booker claim in the district court, we review the issue for plain error only. See United States v. Dowling, 403 F.3d 1242, 1246-47 (11th Cir. 2005). Under plain error analysis, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. at 1247. If the defendant is able to make a showing of all three, we then may exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. We have held, in the context of Booker errors, that the plain error test is satisfied only when the defendant can show that "'there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion.'" Id. (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied 125 S. Ct. 2935

2

(2005)).

In Blakely, the Supreme Court held that, under the State of Washington's mandatory sentencing guidelines system, the imposition of a sentencing enhancement based upon facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial. Blakely, 542 U.S. at ---, 124 S. Ct. at 2534-38. The Supreme Court extended this holding to the federal Sentencing Guidelines. Booker, 543 U.S. at ---, 125 S. Ct. at 760. Based on the Supreme Court's analysis in Booker, we have stated that there are two types of Booker error: (1) a Sixth Amendment error, which occurs when the district court uses extra-verdict enhancements to reach a Guidelines result under a mandatory sentencing regime, and (2) a statutory error, which occurs when the district court imposes sentence under a mandatory Guidelines system. Rodriguez, 398 F.3d at 1300 (11th Cir. 2005). Gasparatto asserts only the latter type of Booker error .

Because Gasparatto was sentenced under a mandatory sentencing regime, there was Booker non-constitutional, or statutory, error. United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (citing Rodriguez, 398 F.3d at 1300). "The use of the guidelines as mandatory was error, even in the absence of a Sixth Amendment violation." Gallegos-Aguero, 409 F.3d at 1277 (citing Shelton, 400 F.3d at 1330-31). We have recognized that Booker errors satisfy prongs (1)

3

and (2) of the plain error test. See Rodriguez, 398 F.3d at 1298-99.

> To satisfy the third prong of the plain error test, a defendant must show that
>
> the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is so uncertain that we do not know which, if either, side it helped the defendant loses. Where the errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Id. at 1300. Based on our review of the sentencing transcript, as well as the government's concession on the point, Gasparotto also meets the third prong requirement because the district court's error affects his substantial rights. In examining whether an error affects a defendant's substantial rights, we look at "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion. . . . " United States v. Dacus, 408 F.3d 686, 689 (11th Cir. 2005) (quoting Rodriguez, 398 F.3d at 1300). The court lowered Gasparotto's base offense level by two under U.S.S.G. § 5K2.0, and then later, after hearing from Gasparotto and his family, departed an additional two levels. The court stated, "I wish that the Sentencing Guidelines were not here; that I would like to impose a lower sentence. I have, with [the probation officer's] help, done the best that I can under the Guidelines." The court said this reduction got closer to an appropriate sentence, specifically indicating a different sentence

4

would have resulted if the court had not treated the Guidelines as mandatory.

Finally, where a court expresses a clear desire to impose a more lenient sentence, and Booker provides that the district court had the authority to consider the Guidelines advisory, the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Shelton, 400 F.3d at 1333-1334.

All four prongs of the plain error standard are satisfied. It is evident from the district court's frequent remarks during the sentencing hearing, as well as its imposition of a sentence at the low end of the Guidelines range, that the court perceived the Guidelines as mandatory to the detriment of Gasparotto's substantial rights. Thus, we vacate Gasparotto's sentence and remand for re-sentencing consistent with Booker.[1]

**VACATED AND REMANDED**.

---

[1] We do not mean to imply by our holding that on remand the district court must impose a particular sentence. However, on remand, the district court must calculate correctly the sentencing range pursuant to its consultation of the Guidelines. Cf. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (stating after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). "A misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines." Id. (internal quotation marks, brackets, and citation omitted). On appeal, we continue to review a district court's application of the Guidelines just as we did pre-Booker, although now we review the ultimate sentence imposed for reasonableness. See United States v. Jordi, --- F.3d ----, 2005 WL 1798055 (11th Cir. Aug.1, 2005) (quotation and citation omitted); see also Booker, 125 S. Ct. at 764 (providing that standard of appeal for sentence imposed under discretionary regime is reasonableness, with consideration of the 18 U.S.C. § 3553(a) factors). After the correct calculation of the Guidelines range, the district court should turn to consideration of "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)" under Booker. See 125 S. Ct. at 757. We do not attempt now to decide whether a particular sentence might be reasonable in this case.