[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

No. 05-10450
Non-Argument Calendar

_____

D. C. Docket No. 04-00093-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT ERIC THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 31, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Vincent Eric Thomas appeals his 37-month sentence, imposed after he pled

guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

On appeal, Thomas argues, for the first time, that the district court erred by sentencing him under a mandatory Sentencing Guidelines scheme, in violation of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).  After thorough review of the record, with particular attention to the PSI and sentencing transcript, and careful consideration of the parties' briefs, we affirm.

Because Thomas did not raise a Booker claim below, we review his claim for plain error only.  See United States v. Dowling, 403 F.3d 1242, 1246-47 (11th Cir. 2005).  Under plain error analysis, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights.  Id. at 1247. If the defendant is able to make a showing of all three, we then may exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  We have held, in the context of Booker errors, that the plain error test is satisfied only when the defendant can show that "'there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion.'"  Id. (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied 125 S. Ct. 2935 (2005)).

The facts relevant to Thomas's Booker claim are straightforward.  Thomas

2

pled guilty, without a written plea agreement, to knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and proceeded to sentencing. The Presentence Investigation Report ("PSI") set Thomas's base level offense at 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), and recommended a 2-level reduction for Thomas's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Based on an adjusted offense level of 18 a criminal history category IV, Thomas's Guidelines range was 41-51 months.

At the sentencing hearing, Thomas requested, and was granted, an additional one-level reduction for acceptance of responsibility, resulting in a Guidelines range of 37-46 months. Thomas also moved for a downward departure, pursuant to U.S.S.G. § 5K2.23, and a downward adjustment to his criminal history category, both of which the district court denied. Thomas also requested the district court to hear testimony from his minister and a representative from the drug treatment program in which he was enrolled. The district court did not allow either witness to testify, but acknowledged both that Thomas was a member of a church, and that he was in drug treatment. The district court sentenced Thomas to a 37-month term of imprisonment. This appeal followed.

In Blakely, the Supreme Court held that, under the State of Washington's mandatory sentencing guidelines system, the imposition of a sentencing

enhancement based upon facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial. Blakely, 542 U.S. at ---, 124 S. Ct. at 2534-38. Thereafter, the Supreme Court extended this holding to the federal Sentencing Guidelines. Booker, 543 U.S. at ---, 125 S. Ct. at 760. Based on the Supreme Court's analysis in Booker, we have stated that there are two types of Booker error: (1) a Sixth Amendment error -- the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error -- the error of being sentenced under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, there was no Booker constitutional error because the district court did not enhance Thomas's sentence based on judicial factfinding. Despite the absence of a Sixth Amendment violation, because Thomas was sentenced under a mandatory sentencing regime, there was Booker non-constitutional, or statutory, error. United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (citing Rodriguez, 398 F.3d at 1300). "The use of the guidelines as mandatory was error, even in the absence of a Sixth Amendment violation." Gallegos-Aguero, 409 F.3d at 1277 (citing Shelton, 400 F.3d at 1330-31).

We have recognized that Booker errors satisfy prongs (1) and (2) of the plain

4

error test. See Rodriguez, 398 F.3d at 1298-99.  To satisfy the third prong of the plain error test, a defendant must show that

> the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is so uncertain that we do not know which, if either, side it helped the defendant loses.  Where the errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Id. at 1300.  A defendant does not satisfy his burden under the third prong of the plain error test when "nothing in the record indicates that the judge might have imposed a different sentence in the new advisory regime." Dowling, 403 F.3d at 1247.  That is the case here.  Thomas has not shown a reasonable probability of a different result had the district court not applied the Guidelines in a mandatory fashion.  Accordingly, he cannot show plain error based on Booker and we affirm his sentence.

**AFFIRMED.**