[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15232
Non-Argument Calendar

_____

D. C. Docket No. 03-20939-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALSTON GRANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2005)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ralston Grant appeals his conviction, pursuant to a jury verdict, and 121-month sentence for conspiracy to import 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 963; conspiracy to possess 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 846; and unlawful possession of 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). On appeal, Grant raises two arguments for the first time. He asserts the district court erred (1) by denying his post-trial motion for a new trial based upon the prosecutor's improper closing argument; and (2) by enhancing his offense level, pursuant to U.S.S.G. § 2J1.7, for committing the instant offense while on release -- a fact Grant argues had to be found by the jury or admitted by him -- in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). After careful review, we affirm.

Claims of prosecutorial misconduct involve mixed questions of law and fact and, therefore, are reviewed de novo. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). Prosecutorial misconduct is a basis for reversing an appellant's conviction only if, in the context of the entire trial and in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused. United States v. Cordoba- Mosquera, 212 F.3d 1194, 1198 (11th Cir.

2000).  We give "considerable weight to the district court's assessment of the prejudicial effect of the prosecutor's remarks and conduct."  Id. (internal quotation marks and citation omitted).

Because, in the district court, Grant did not raise a Booker challenge to the § 2J1.7 enhancement, we review his sentencing claim for plain error only.  See United States v. Dowling, 403 F.3d 1242, 1246-47 (11th Cir. 2005).  Under plain error analysis, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights.  Id. at 1247.  If the defendant is able to make a showing of all three, we then may exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  We have held, in the context of Booker errors, that the plain error test is satisfied only when a defendant can show that "'there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion.'"  Id. (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, --- U.S. ----, 125 S. Ct. 2935 (2005)).

First, Grant argues that the prosecutor misstated evidence or misled the jury in her final summation in rebuttal to the points made in Grant's closing argument.  The purpose of closing arguments is to assist the jury in analyzing the evidence.  United States v. Iglesias, 915 F.2d 1524, 1529 (11th Cir. 1990).  In closing

argument, an attorney may state an opinion or belief, "if the attorney makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence." Johns, 734 F.2d 657, 663 (11th Cir. 1984).  "Prosecutorial misconduct requires a new trial only if we find the remarks (1) were improper and (2) prejudiced the defendant's substantive rights."  United States v. Hernandez, 145 F.3d 1433, 1438 (11th Cir. 1998).  "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would be different."  United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998) (quotation omitted).  In making this determination, we view the district court as being in "the best position to control the overall tenor of the trial." Id. at 1304.

Here, Grant highlights two portions of the prosecutor's rebuttal closing argument.  Grant states that the challenged argument was improper because the prosecutor implied that the government did not know where Grant was during October 2003, and that Grant went to Jamaica to pay for the marijuana during that time.  According to Grant, the government knew where he was during the relevant time and also knew that he had not traveled to Jamaica.

Based on our review of the entire transcript, with particular attention to the government's rebuttal argument, we conclude that the prosecutor's remarks were not calculated to mislead the jury, but were a reasonable interpretation of the

4

evidence and testimony presented at trial. On this record, we can find no plain error resulting from the challenged argument.

We are likewise unpersuaded by Grant's Booker argument. There are two types of Booker errors: (1) Sixth Amendment error based upon sentencing enhancements, imposed in a mandatory system and neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt (constitutional error); and (2) error based upon sentencing under a mandatory guidelines system (non-constitutional, or statutory, error). See United States v. Shelton, 400 F.3d 1325, 1329-31 (11th Cir. 2005).

Here, there was no Booker constitutional error because the district court did not enhance Grant's sentence based on judicial factfinding. Section 2J1.7 allows for a three level increase for a crime committed while on release. See U.S.S.G. § 2J1.7. At no point did Grant object to the fact, stated in the PSI, that he had been released on bond when he committed the instant offense. Accordingly, the fact of his release status was deemed admitted. See Shelton, 400 F.3d at 1329-30. As a result, Grant failed to meet the first prong of the plain error doctrine -- establishing that there was error -- as to Booker constitutional error resulting from the § 2J1.7 enhancement.

Despite the absence of a Sixth Amendment violation, because Grant was

sentenced under a mandatory sentencing regime, there was <u>Booker</u> non-constitutional, or statutory, error. <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1277 (11th Cir. 2005) (citing <u>Rodriguez</u>, 398 F.3d at 1300). We have recognized that Booker errors satisfy prongs (1) and (2) of the plain error test. <u>See</u> <u>Rodriguez</u>, 398 F.3d at 1298-99. To satisfy the third prong of the plain error test, a defendant must show that

> the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is so uncertain that we do not know which, if either, side it helped the defendant loses. Where the errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

<u>Id.</u> at 1300. A defendant does not satisfy his burden under the third prong of the plain error test when "nothing in the record indicates that the judge might have imposed a different sentence in the new advisory regime." <u>Dowling</u>, 403 F.3d at 1247. That is the case here. Grant has not shown a reasonable probability of a different result had the district court not applied the Guidelines in a mandatory fashion. Accordingly, he cannot establish plain error based on <u>Booker</u>.

    **AFFIRMED.**