[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11181
Non-Argument Calendar

_____

D. C. Docket No. 04-80139-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL AGURCIA ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 21, 2005)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Saul Agurcia Escobar appeals his 46-month sentence for the illegal re-entry

into the United States of an alien deported for the conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Below, his sentence was enhanced 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior deportation after a conviction for a crime of violence. On appeal, Escobar argues that the district court erred in (1) enhancing his sentence based on his prior conviction for an aggravated felony and a crime of violence, which was not charged in the indictment nor proven beyond a reasonable doubt at trial, in violation of his rights under the Fifth and Sixth Amendments; and (2) treating the United States Sentencing Guidelines ("Guidelines") as advisory after he pled guilty under mandatory Guidelines, in violation of his rights under the *Ex Post Facto* and Due Process Clauses.

Escobar argues on appeal that the district court unconstitutionally enhanced his sentence by increasing his base offense level based on facts – that his previous conviction was an aggravated felony and a crime of violence – not charged in his indictment, found by a jury, nor admitted in his plea. Escobar contends that *Shepard v. United States*, 544 U.S. __, 125 S. Ct. 1254, 161 L.E.2d 205 (2005) impliedly overruled the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), which held that prior convictions did not have to be presented in the indictment. Thus, according

2

to Escobar, while the "fact of" a prior conviction falls within an exception to the rule provided and applied in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the "facts about" his prior conviction fall within an exception to the exception and cannot be used to enhance his sentence. Escobar further argues that his sentence violated his rights when the district court retroactively applied the advisory Guidelines to a plea made under mandatory Guidelines.

When a defendant objects to sentence enhancements in the district court, we review his sentence on appeal *de novo*, but reverse only for harmful error. *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005) (per curiam) (citation omitted). We have ruled that the *Apprendi /Blakely /Booker* cases did not disturb the *Almendarez-Torres* conclusion that the government does not need to allege in the indictment, and does not need to prove beyond a reasonable doubt, that a defendant had prior convictions in order for the district court to use those convictions for sentence enhancements. *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). Furthermore, while the *Shepard* Court may have cast doubt on the *Almendarez-Torres* holding, the United States Supreme Court did not

3

explicitly overrule it, so we are still bound by it. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir.) (per curiam), *cert. denied*, (U.S. Oct. 11, 2005) (No.05-6178). Post-*Booker*, we reaffirmed that there is no Fifth or Sixth Amendment violation when a district court enhances a sentence based on prior convictions or determines whether a prior conviction is within the category of offenses specified in § 2L1.2(b)(1)(A). *Gallegos-Aguero*, 409 F.3d at 1277. Finally, we found no *Ex Post Facto* or Due Process Clause violations based on the retroactive application of *Booker*'s remedial opinion making the Guidelines advisory. *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir.), *cert. denied*, (U.S. Oct. 11, 2005) (No. 05-5467).

Accordingly, there is no Fifth or Sixth Amendment violation when a district court enhances a sentence based on a prior conviction not pled in the indictment or on a determination that a prior conviction falls within the category of offenses that allows for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See Gallegos-Aguero*, 409 F.3d at 1277. Moreover, there is no *Ex Post Facto* or Due Process Clause violation based on the application of the Guidelines as advisory. *See Duncan*, 400 F.3d at 1306-08.

Upon review of the pre-sentence investigation report, the record below, and hearing transcripts, and upon consideration of the briefs of the parties, we find no

4

reversible error.  Therefore, Escobar's sentence is affirmed.

**AFFIRMED**.