[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2006
THOMAS K. KAHN
CLERK

No. 05-10254
Non-Argument Calendar

_____

D. C. Docket No. 04-00443-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYL BRIAN WILLIAMS,
a.k.a. Deuce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 4, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Daryl Brian Williams appeals his conviction for conspiracy to distribute

methamphetamine on the grounds that the evidence presented at trial was insufficient to sustain his conviction and that the district court erred in admitting into evidence drugs seized from the car he was driving when arrested. Williams also appeals his sentence on the ground that the district court failed to satisfy the technical requirements for its enhancement for a prior conviction. 21 U.S.C. § 851(b). Because a reasonable trier of fact could have concluded from the evidence that Williams was guilty beyond a reasonable doubt and the drugs seized from the car Williams was driving were probative of intent, we affirm his conviction. Because the failure of the district court to follow the technicalities of the Section 851(b) colloquy constituted harmless error, we affirm Williams's sentence.

## I. BACKGROUND

Williams was indicted for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. 21 U.S.C. § 846. The district court denied Williams's pretrial motion to exclude marijuana and cocaine seized from the car he was driving as improper character evidence under Federal Rule of Evidence 404(b) and overruled his objection to the admission of the evidence. Before trial, the government filed a notice of sentence enhancement based on Williams's 2004 state court felony conviction for possession of cocaine. 21 U.S.C. § 851(a).

At trial, Williams's co-conspirators testified on behalf of the government against Williams. The government introduced into evidence a videotape that showed Williams discussing the drug conspiracy with his co-conspirators. The jury convicted Williams on the single count of conspiracy to possess and distribute more than 50 grams of methamphetamine.

The Pre-Sentencing Investigation Report listed Williams's previous felony drug conviction from 2004 and included a copy of the pretrial information submitted by the government seeking an enhancement based on that conviction. Williams did not object to the PSI. At the sentencing hearing, the district court asked Williams in what year he was convicted or pleaded guilty to a drug offense, and Williams responded that it was 2004. The district court enhanced Williams's sentence on the basis of this previous conviction. Williams did not object to this sentence enhancement at the hearing.

## II. STANDARD OF REVIEW

We apply three standards of review in this case. We review questions about the sufficiency of the evidence produced at trial de novo, and the evidence is construed in the light most favorable to the government. United States v. Fallen, 256 F.3d 1082, 1087 (11th Cir. 2001). We review questions about the admissibility of evidence under an abuse of discretion standard and will reverse the

3

district court's decision only if the abuse of discretion affected the defendant's substantial rights. United States v. Delgado, 321 F.3d 1338, 1347 (11th Cir. 2003). We review the failure of the district court to adhere to the procedural requirements of section 851(b) for harmless error. United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990). "Non-constitutional error is harmless when it does not affect the substantial rights of the parties. . . . The burden is on the government to show the error did not affect the defendant's substantial rights." United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (internal quotations and citations omitted).

## III. DISCUSSION

Williams argues that (1) his conviction is not supported by sufficient evidence, (2) the district court erred when it admitted evidence seized from the car he was driving, and (3) the district court did not follow the technical requirements of section 851(b). All three of his arguments fail. We address each in turn.

*A. The Evidence Was Sufficient to Sustain Williams's Conviction.*

Williams challenges his conviction on insufficiency of the evidence grounds because the government's witnesses contradicted themselves and each other, and the co-conspirators had self-interested motives to testify against Williams. Williams argues that because these witnesses were impeached, their testimony was

insufficient to sustain his conviction. We disagree.

The evidence was sufficient if "a reasonable trier of fact, when choosing among reasonable constructions of the evidence, could have found the defendant guilty beyond a reasonable doubt." United States v. Williams, 144 F.3d 1397, 1401-02 (11th Cir. 1998) (citing United States v. Delgado, 56 F.3d 1357, 1363 (11th Cir. 1995)). We must accept all of the jury's reasonable inferences and credibility determinations. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) (citing United States v. Sanchez, 722 F.2d 1501, 1505 (11th Cir. 1984)). To uphold a conviction for conspiracy to distribute methamphetamine, the government must offer sufficient evidence to prove that: "1) an illegal agreement existed to possess with the intent to distribute [a controlled substance]; 2) [the defendant] knew of this agreement; and 3) [the defendant] knowingly and voluntarily joined the agreement." United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002) (emphasis removed).

Viewing the evidence in the light most favorable to the government, the evidence was sufficient to support Williams's conviction. The government introduced into evidence a video recording of a conversation between Williams and Morrison regarding the acquisition and sale of methamphetamine. Witnesses testified to the existence of the conspiracy and Williams's knowing and voluntary

5

participation, and a jury could reasonably credit the testimony of the witnesses despite the impeachment.

*B. The Evidence of Drugs from the Car Williams Was Driving Was Admissible.*

Over Williams's objection, the district court admitted into evidence the cocaine and marijuana found in the car Williams was driving to allow the government to prove Williams's intent. There is a three-part test for admitting extrinsic evidence of a previous criminal act under Federal Rule of Evidence 404(b): (1) the evidence is relevant to an issue other than the defendant's character; (2) the evidence is sufficient to support a finding that the defendant actually committed the extrinsic act; and (3) the probative value of the evidence is not substantially outweighed by unfair prejudice. United States v. Butler, 102 F.3d 1191, 1195 (11th Cir. 1997).

First, the drugs found in the car were probative of more than Williams's character. Because Williams pleaded not guilty, his intent was a material issue in the case. United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991). Evidence of prior drug dealings is highly probative of intent in later charges of conspiracy to distribute a controlled substance, and it is immaterial that the type of drug in the extrinsic evidence is different from the type of drug at issue in the conspiracy charge. United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993).

6

Second, sufficient evidence supports a finding that Williams possessed the cocaine and marijuana. Williams argues that the evidence did not establish that he was in constructive possession of the marijuana and cocaine found in the vehicle, but he cites no cases and gives no argument beyond mere assertion that constructive possession was not established. We have held that constructive possession exists when a defendant has ownership, dominion, or control over the premises or the vehicle in which the contraband is concealed. United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). Because substantial testimony at trial established that Williams was the driver of the vehicle in which the cocaine and marijuana were located and that he had driven the vehicle in question for an extended period of time, the evidence established that Williams had constructive possession of the drugs in the car.

Third, the high probative value of evidence of Williams's possession of drugs to prove his intent to join a drug conspiracy substantially outweighed any unfair prejudice. Williams relies heavily on United States v. Matthews to argue that the evidence of drug possession was not probative because his intent to join the conspiracy was not at issue, but after Williams and the government filed their briefs, the Matthews opinion was vacated and a new opinion was substituted. United States v. Matthews, 411 F.3d 1210 (11th Cir. 2005), vacated, — F.3d —,

7

2005 WL 3291400 (11th Cir. Dec. 6, 2005). The new Matthews opinion reaffirmed our long-standing position that a "plea of not guilty, without an accompanying affirmative removal, [makes] intent a material issue." Matthews, — F.3d at —, 2005 WL 3291400, at *12. Because Williams pleaded not guilty and did not remove his intent as an issue, his argument fails under the new Matthews opinion. The evidence of Williams's drug possession was of highly probative value, which outweighed any unfair prejudice.

## C. The Failure to Follow Section 851(b) Was Harmless Error.

Williams argues that the district court erred when it imposed the sentence enhancement without following the requirements of section 851(b). When the United States attorney has filed a pre-trial information, under section 851(a), that it intends to seek a sentence enhancement for a previous felony drug conviction, section 851(b) requires the district court, after conviction but before pronouncement of sentence, to question the defendant as to whether he affirms or denies the previous conviction and to inform the defendant that any challenge to a previous conviction not made before sentence is imposed may not thereafter be raised to attack the sentence. The district court asked Williams whether his felony conviction was in 2003, and Williams effectively admitted the conviction when he replied that the conviction was in 2004. Williams argues that this admission was

8

not enough; the district court had to comply strictly with section 851(b). Williams's argument fails.

Our decision in Weaver established that to reverse a sentence for failure to follow the requirements of section 851(b), prejudice or harm to the defendant must be established. In Weaver, the defendant challenged his sentence on the grounds that the district court failed to comply strictly with section 851(a) and (b). Although we began our analysis by noting that we have "insisted upon strict compliance with the mandatory language of the procedural requirements of section 851(a) and (b)," id. at 1481, we confined the strict compliance standard to our analysis of section 851(a) and concluded that the government had complied with its requirements. In our analysis of section 851(b), we did not require strict compliance. We affirmed the sentence because the defendant had effectively admitted to the previous conviction and failed to object to its inclusion in the PSI, and even if the defendant had objected, the convictions were more than five years old and could no longer be challenged under section 851.

Here, as in Weaver, the government filed the information as required by section 851(a), which put Williams on notice that government would seek the sentence enhancement, and the PSI listed the previous felony drug conviction. Williams did not object to either. Williams also did not object to the enhancement

during the sentencing hearing, and when asked by the district court in what year he was convicted of the drug offense, he replied 2004. Because Williams admitted to the previous felony conviction, there was no harm to his substantial rights based on the failure of the district court to ask him whether he denied or affirmed the conviction. Although the district court did not inform Williams that, if he did not challenge the previous conviction at the hearing, he could not use it to attack the sentence at a later time, this error, after Williams's admission, also was harmless.

Williams argues in his reply brief that when he told the district court that his conviction was in 2004, he was referring to his guilty plea to a misdemeanor charge, not the felony drug charge. We find no merit in this argument. Williams was informed before trial began that the government would seek a sentence enhancement for the felony conviction of 2004, not the misdemeanor, and a copy of this same information was included in the PSI, which the district court used when deciding the sentence. Furthermore, Williams's argument is not credible because the sentencing for the guilty plea for both the felony and misdemeanor occurred on the same day at the same hearing.

## IV. CONCLUSION

We affirm both Williams's conviction and sentence.

**AFFIRMED.**

10