[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10654
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00366-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO CARLOS-SANTOS,
a. k. a. Antonio Carlos,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Antonio Carlos-Santos appeals his 77-month sentence

imposed after he pled guilty to illegal reentry of a previously deported alien, in

violation of 8 U.S.C. § 1326(a), (b)(2).  The district court applied a 16-level

offense level enhancement, under U.S.S.G. § 2L1.2(b)(1)(A), because Defendant

had been deported after earlier convictions for alien smuggling and for carrying a

concealed firearm.  No reversible error has been shown; we affirm.

Defendant acknowledges that he brings this appeal only to preserve an

argument that Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), was

decided wrongly in the light of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000),

Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125

S.Ct. 738 (2005).[1]  And he maintains that his case is distinguishable from

Almendarez-Torres.  First, he did not stipulate to his earlier convictions at the

guilty plea hearing: he asserts that his convictions needed to be admitted by him or

proved to a jury beyond a reasonable doubt.  Second, he contends that he did not

admit to the characterization of his earlier conviction for conspiracy to transport

aliens as an "alien smuggling" offense under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

---

[1]Defendant's sentencing hearing took place 16 days after Booker was decided.  The district court applied the Sentencing Guidelines as advisory.

2

Defendant concedes that he did not raise these arguments in the district court: we review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).[2]

The district court committed no Sixth Amendment error. Defendant correctly observes that he did not admit during the guilty plea colloquy the earlier convictions for conspiracy to transport aliens and for carrying a concealed firearm. But Defendant failed to object to the fact statements in the presentence investigation report (PSI) about his earlier convictions. Thus, Defendant admitted to the existence of the convictions underlying the sentencing enhancement. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (defendant's failure to object at sentencing to PSI's fact statements about relevant conduct constitutes admission to facts in PSI).

And Defendant's 16-level enhancement was based solely on his earlier convictions. In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), the Supreme Court stated that the government need not allege in the indictment and need not prove beyond a reasonable doubt that a defendant had a prior conviction

---

[2]On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

for a district court to use that conviction to enhance a sentence. "This conclusion was left undisturbed by Apprendi, Blakely, and Booker." Shelton, 400 F.3d at 1329. Thus, the district court did not violate Defendant's constitutional rights by applying the § 2L1.2(b)(1)(A) enhancement based on his earlier convictions. See United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005).

Moreover, we have rejected Defendant's argument that the enhancement was improper because he did not stipulate that his conviction for conspiracy to transport aliens was an "alien smuggling" offense under § 2L1.2(b)(1)(A)(vii). See Gallegos-Aguero, 409 F.3d at 1276-77 (rejecting argument that Sixth Amendment requires jury, not a judge, to determine whether earlier conviction is within category of offenses specified in § 2L1.2(b)(1)(A)(vii)). In any event, the district court also noted that it could base the 16-level enhancement on Defendant's convictions for carrying a concealed firearm. See U.S.S.G. § 2L1.2(b)(1)(A)(iii).

The district court committed no error, plain or otherwise, in applying the 16-level § 2L1.2(b)(1)(A) enhancement.

**AFFIRMED.**