[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 1, 2005
THOMAS  K. KAHN
CLERK

No. 04-13937
Non-Argument Calendar
_____

D. C. Docket No. 03-80161-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

URIEL PINEDA,
a.k.a. Uriel Pineda-Torres,
a.k.a. Jose Robles,
a.k.a. Jose Salvatine,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 1, 2005)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Uriel Pineda appeals his 57-month sentence of imprisonment for reentering

the United States illegally after having previously been removed. Pineda argues that the district court committed both statutory and constitutional errors under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), because the district court, under a mandatory Guidelines system, enhanced Pineda's sentence based on a finding that Pineda was sentenced previously to concurrent 25-month sentences for trafficking cocaine before Pineda was removed from the United States. Because Pineda preserved this objection in the district court, and the government cannot establish that the error of sentencing Pineda under a mandatory regime was harmless, we vacate his sentence and remand for resentencing.

After Pineda pleaded guilty to violating 18 U.S.C. section 1326(a) and (b)(2), the district court enhanced Pineda's sentence because Pineda had been convicted previously of trafficking cocaine. U.S.S.G. § 2L1.2(b)(1)(A)(i). Pineda had been sentenced to longer than 13 months' imprisonment, the threshold for the sentence enhancement of section 2L1.2(b)(1)(A)(i) of the Guidelines. Pineda objected to the enhancement of his sentence because the district judge, not a jury, found that Pineda had been sentenced to more than 13 months' imprisonment for his previous offense. The district court overruled Pineda's objection and, because Pineda was a category IV career criminal, sentenced Pineda to 57 months in prison for his illegal reentry. That sentence was at the low end of the Guideline range.

"Where there is a timely objection, we review the defendant's <u>Booker</u> claim in order to determine whether the error was harmless." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291 (11th Cir. 2005). As this Court discussed in <u>Mathenia</u>, "[t]here are two harmless error standards. One of them applies to <u>Booker</u> constitutional errors, the other to <u>Booker</u> statutory errors." <u>Id</u>. The first standard, for constitutional error, requires the government to show "beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." <u>Id</u>. at 1291-92. The second standard, for statutory error, requires us to determine whether the error either did not affect the sentence or only had a very slight effect. <u>Id</u>. at 1292 (quoting <u>United States v. Hornaday</u>, 392 F.3d 1306, 1315-16 (11th Cir. 2004)). The standard of review for statutory error "is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." <u>Id</u>.

Pineda's constitutional argument fails. It was not an error for the district court to enhance Pineda's sentence based on his previous convictions and sentence. As the Court explained in <u>Booker</u>, "Any fact (<u>other than a prior conviction</u>) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at ___, 125 S. Ct. at 756

3

(emphasis added).  This Court has stated previously that "we find no merit in [the] . . . argument that the Sixth Amendment requires that a jury, not a judge, must determine whether" a previous conviction fits within a "category of offenses." United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005).  Judicial factfinding regarding the length of the sentence imposed for a previous conviction is a necessary component of the surviving exception to the ban on judicial factfinding imposed by Booker .

Pineda's argument regarding statutory error has merit.  As stated earlier, the standard of review for preserved statutory error "is not easy for the government to meet."  Mathenia, 409 F.3d at 1292.  The government has conceded its difficulty here: the government admits that the record does not show that sentencing Pineda under the Guidelines as mandatory had a minimal effect on Pineda's ultimate sentence.  Because the government cannot establish that this statutory error was harmless, we must vacate Pineda's sentence and remand this case to the district court.

**VACATED** and **REMANDED**.