[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 6, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15558
Non-Argument Calendar
_____

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS ANGEL HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Santos Angel Hernandez appeals his 135-month sentence for two drug

charges. On appeal, Hernandez argues that the district court: (1) clearly erred in failing to provide a minor role reduction under U.S.S.G. § 3B1.2(b); and (2) committed statutory United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005) error. We now **AFFIRM** in part and **VACATE** and **REMAND** in part for resentencing.

## I. BACKGROUND

According to the Presentence Investigation Report ("PSI"), a U.S. Coast Guard team boarded a fishing vessel, the "El Almirante," on 7 March 2004, and seized 133 bales of cocaine, weighing 2,629 kilograms. The El Almirante had a four-man crew and one captain. Hernandez was one of the four crew members aboard the ship. The El Almirante had obtained the cocaine at sea from another fishing vessel, the "Siete Mares." The Coast Guard later intercepted the Siete Mares, which had six crewmen and a captain, and found traces of cocaine aboard that vessel.

In a two-count indictment, a grand jury charged Hernandez and other defendants with: (1) possession with the intent to distribute cocaine, in violation of 46 U.S.C. app. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), (Count 1); and (2) conspiracy to possess with intent to distribute cocaine, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii),

2

(Count 2). The district court accepted Hernandez's guilty plea as to Counts 1 and 2.

The probation officer determined that Hernandez's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(c)(1), because the offense involved more than 150 kilograms of cocaine, which was then reduced three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b). With a total offense level of 35 and a criminal history category of I, Hernandez's guideline sentence range was 168 to 210 months. Hernandez objected to the officer's failure to provide a two-level reduction for having a minor role in the offense, pursuant to U.S.S.G. § 3B1.2(b).

Hernandez also moved for an order declaring the Guidelines to be unconstitutional following Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). At the 9 August 2004 sentencing hearing, the district court denied the motion and found the Guidelines to be constitutional based on our precedent at that time. However, the court agreed to continue sentencing for the parties to determine whether Hernandez should be given a safety-valve reduction.

At the continued sentencing hearing, Hernandez objected to the PSI's failure to include a minor role reduction because his role in the overall conspiracy was minor compared with others as (1) he was merely a crew member on the fishing

3

vessel, and (2) he had no equity interest in the cocaine. The government contended that there was nothing to distinguish Hernandez from any of the 11 other defendants involved in the case and the drug quantity involved counseled against a minor role. The court overruled the objection and found that the evidence suggested that Hernandez's role was the same as other crew members', making him equally culpable. Hernandez renewed his argument that the Guidelines were unconstitutional, which the court denied. The district court then sentenced Hernandez to 135 months of imprisonment and three years of supervised release for Counts 1 and 2 to run concurrently.

## II. DISCUSSION

### A. Minor-Role Reduction

Hernandez argues that as a mere crewman, he was entitled to a minor role reduction because (1) he did not own, sell, or distribute drugs, and (2) his role was small in comparison with the drug activity targeted by Operation Panama Express. As an initial matter, we have held that Booker did not alter our review of a district court's application of the Guidelines. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). Because a district court must consult the Guidelines during sentencing, the court must "calculate the Guidelines range accurately." Id. at 1179. We review a district court's decision regarding a defendant's role in an

4

offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a role reduction. See id. at 939.

A two-level minor role reduction, pursuant to U.S.S.G. § 3B1.2(b), is warranted if the defendant is less culpable than most other participants. U.S.S.G. § 3B1.2, comment. (n.5). For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. De Varon, 175 F.3d at 940. First, the court must measure the defendant's role against the relevant conduct for which the defendant is being held accountable. Id. Drug quantity is "a material consideration in assessing a defendant's role" in the relevant conduct, and we have "not foreclose[d] the possibility that amount of drugs may be dispositive – in and of itself – in the extreme case." Id. at 943. We have noted that "[o]nly if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant" a minor-role reduction. Id. at 944.

The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's

conduct against that of other participants in the criminal scheme attributed to the defendant." See id. at 934. "The district court must determine that the defendant was less culpable than most other participants in her relevant conduct." Id. at 944. However, the court only can consider participants who are (1) "identifiable or discernable from the evidence," and (2) "involved in the relevant conduct attributed to the defendant," which precludes "[t]he conduct of participants in any larger criminal conspiracy." Id. In the drug courier context, relevant considerations in granting a minor-role reduction include the quantity of drugs being carried, the fair market value of drugs, the amount of money paid to the courier, the courier's equity interest in the drugs, and the courier's role in planning and distributing the drugs. Id. at 945.

We conclude that the district court did not clearly err in denying Hernandez a minor-role reduction. First, there was a large amount of cocaine involved, and we have not eliminated this as a relevant factor for whether a district court may consider the reduction. See De Varon, 175 F.3d at 943. Second, Hernandez's role was not appreciably different from any other crew member. Thus, the district court's denial of a minor-role reduction was not clearly erroneous.

B. Booker Statutory Error

Next, Hernandez argues that it was Booker error for the district court to

6

sentence him under a mandatory Guidelines system. Because Hernandez objected to the use of the Guidelines in sentencing him, we review his sentence de novo. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). We will reverse the district court only if the error was harmful. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). The government has the burden of showing that non-constitutional error was harmless. Id. at 1292.

In Booker, the Supreme Court held that the Sixth Amendment right to trial by jury is violated where "under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, ___ U.S. ___, 125 S. Ct. 2935 (2005). However, it is not error to "use [] extra-verdict enhancements in a non-mandatory guidelines system." Id. at 1300. Thus, there are two types of errors in sentencing: (1) the constitutional error of using "extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge"; and (2) the error of applying the Guidelines in a mandatory fashion. See United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005).

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but

7

very slight effect. If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error." Mathenia, 409 F.3d at 1292 (citations and internal quotation marks omitted). In the context of non-constitutional Booker error, we have found a district court's sentence under the mandatory Guidelines system to be harmless error when the district court: (1) stated that it would impose the same sentence even if the Guidelines were advisory, Mathenia, 409 F.3d at 1292; and (2) sentenced the defendant to the highest sentence in the Guideline range and considered sentencing the defendant to the statutory maximum, see United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (per curiam).

We conclude that the district court's mandatory application of the Guidelines was not harmless. As the government concedes, the district court committed statutory Booker error by applying the Guidelines as mandatory, and there is no evidence that the district court would have imposed the same sentence had it known the Guidelines were advisory. Accordingly, we vacate Hernandez's sentence and remand to the district court for resentencing.

### III. CONCLUSION

Hernandez appeals his 135-month sentence for possession with intent to distribute cocaine and conspiracy to possess and distribute cocaine. As we have

8

explained, the court did not err when it denied Hernandez's request for a minor-role reduction of his sentence, but the district court did commit reversible error when it applied the Guidelines as mandatory.  Accordingly, we **AFFIRM** in part and **VACATE** and **REMAND** in part for resentencing.