[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2005
THOMAS K. KAHN
CLERK

No. 04-16548
Non-Argument Calendar
_____

D. C. Docket No. 04-60168-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 7, 2005)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant George Daniel appeals his sentence of 96 months

imprisonment, imposed following his guilty plea for illegal re-entry, in violation of 8 U.S.C. § 1326. Although we conclude that there was no constitutional error in Daniel's sentence, we vacate and remand because Daniel was sentenced under a mandatory guidelines scheme, and the government cannot show that this error was harmless.

I. Background

Daniel was indicted for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment did not list any prior convictions, but cited § 1326(b)(2), which provides for a maximum penalty of twenty years imprisonment if the defendant re-entered following deportation after a conviction for an aggravated felony.[1] Daniel agreed to a bench trial and stipulated to the following facts: Daniel was deported in September 1995 and was advised of the consequences of returning without permission. In 2004, Daniel was found in Miami, having re-entered the United States without permission. Daniel admitted that he had prior convictions for possession of a firearm, battery on a law enforcement officer, and resisting with violence, although he denied culpability because he asserted that he had been set up for these offenses. Daniel also

---

[1] Aggravated felonies include: drug trafficking offenses, firearms offenses, and crimes of violence. 8 U.S.C. § 1101(a)(43)(B), (C), (F). A crime of violence is any offense that "has as an element the use . . . of force against the person of another, or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force . . . may be used." 18 U.S.C. § 16.

2

proffered that he had been forced to leave Haiti because he was threatened with death, and that he had not intended to come to the United States but thought that he was going to the Bahamas. Daniel admitted that he did not inform authorities when he re-entered the country because he feared he would be deported and then killed once he returned to Haiti.

The district court found that the government had satisfied the elements under § 1326 beyond a reasonable doubt and that Daniel committed perjury in his testimony. The court further found that Daniel's testimony, even if credible, did not establish a justification defense. Accordingly, the district court adjudicated Daniel guilty of illegal re-reentry.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 8 under U.S.S.G. § 2L1.2, with a 16-level increase under § 2L1.2(b)(1)(A)(i)[2] because Daniel had been deported after a conviction for a drug trafficking offense. With no other enhancements or reductions, the adjusted offense level was 24. The probation officer then detailed Daniel's extensive

---

[2] Under U.S.S.G. § 2L1.2(b), a defendant faces a 16-level increase if the prior conviction was "(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense." U.S.S.G. § 2L1.2(b)(1)(A). Here, Daniel admitted to convictions for firearm possession and battery of a police officer, both of which qualify under § 2L1.2(b)(1)(A)(i).

criminal history, which included a 1989 conviction for cocaine possession and 1994 convictions for carrying a concealed weapon, robbery, battery on a police officer, and resisting an officer with violence. With a criminal history category V, Daniel's guidelines range was 92 to 115 months imprisonment.

Daniel filed no objections to the PSI, and at sentencing challenged only whether the court could apply an enhancement for obstruction of justice in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Although the court concluded that Daniel had committed perjury, it did not apply an enhancement for obstruction of justice because Daniel faced a lengthy sentence given his criminal history. Daniel did not object to the increase for his prior convictions, and he requested a sentence at the low end of the guidelines range. The district court adopted the PSI and sentenced Daniel to 96 months imprisonment, 3 years supervised release, and imposed a $5,000 fine. Daniel did not object to the sentence, other than to preserve his argument that his testimony had been truthful. Daniel now appeals, challenging his sentence as erroneous under United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 161 L.Ed.2d 621 (2005).

II. The Appeal

Although Daniel raised a Blakely (now Booker) challenge in the district court, he did so only with respect to the application of an enhancement for

4

obstruction of justice.  For the first time on appeal, he asserts that the enhancement for his prior conviction was a constitutional error.  Therefore, as this issue was not raised before the district court, we review for plain error. "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

In Booker,[3] the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt.  125 S.Ct. 738.  This court has explained that a Booker error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, there was no constitutional error.  An enhancement based on a prior conviction under § 2L1.2(b)(1)(A)(i), even if not admitted by the defendant, does

---

[3] This court now reviews Blakely arguments under Booker.

not represent a constitutional <u>Booker</u> error.[4] <u>United States v. Orduno-Mireles</u>, 405 F.3d 960, 962-63 (11th Cir. 2005); <u>United States v. Camacho-Ibarquen</u>, 404 F.3d 1283, 1290 (11th Cir. 2005). The Supreme Court's decision in <u>United States v. Shepard</u>, 544 U.S. –, 125 S.Ct. 1254 (2005), does not alter this conclusion. <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1277 (11th Cir. 2005); <u>Camacho-Ibarquen</u>, 404 F.3d at 1290 n.3.

Although there is no constitutional error in Daniel's sentence, this court has recognized that a <u>Booker</u> error may be statutory – that is, there was error in the court's application of the sentencing guidelines as mandatory. <u>Gallegos-Aguero</u>, 409 F.3d at 1277; <u>Shelton</u>, 400 F.3d at 1330-31 (defining two types of <u>Booker</u> error). Here, Daniel raised <u>Blakely</u> before the district court, and, therefore, he has preserved his challenge to the mandatory application of the guidelines.[5] <u>See</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1290-91 (11th Cir. 2005).

---

[4] Daniel does not raise this issue, but we note the discrepancy in the underlying offense forming the basis of the enhancement. The probation officer and the district court imposed a 16-level enhancement, which applies when an alien has been removed after a conviction for a drug trafficking offense, a firearm offense, or a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(i)-(iii). Specifically, the court found that Daniel had committed a drug trafficking offense. At trial, however, Daniel admitted that he had prior convictions for possession of a firearm, battery on a law enforcement officer, and resisting with violence, but he did not admit to a drug trafficking offense. Nevertheless, his possession of a firearm and his battery of a police officer are aggravated felonies under 8 U.S.C. § 1101(a)(43) and qualify for a 16-level enhancement under § 2L1.2(b)(1)(A)(i) and (iii). Therefore, there was no error in the application of the enhancement.

[5] Although Daniel filed his appellate brief after this court clarified that there were two types of <u>Booker</u> error, we conclude that raising <u>Blakely</u> before the district court was sufficient to preserve a claim of statutory error. <u>See</u> <u>United States v. Dowling</u>, 403 F.3d 1242 (11th Cir. 2005).

When a defendant has preserved his <u>Booker</u> claim, we review the sentence to determine if the error was harmless. <u>Mathenia</u>, 409 F.3d at 1291. We have recognized two types of harmless error - one applicable to constitutional errors, the other applicable to statutory errors. <u>Id.</u> at 1292. This case involves statutory error, and, therefore, the error is harmless if, "viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but a very slight effect." <u>Id.</u> (citations and quotations omitted). The burden is on the government to show that the error was harmless. <u>United States v. Paz</u>, 405 F.3d 946 (11th Cir. 2005).

Here, the government cannot meet its burden. The record is devoid of any evidence to show whether the error had any effect on Daniel's sentence. In the absence of any indication that the sentence would have been different, the government cannot show that the error was harmless. <u>Mathenia</u>, 409 F.3d at 1292. Accordingly, we VACATE and REMAND for resentencing under an advisory guidelines scheme.