[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16177
Non-Argument Calendar

_____

D. C. Docket No. 04-60168-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 31, 2007)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

George Daniel appeals his 96-month prison sentence, which was imposed

on him for re-entering the United States of America as an alien who had been

previously removed subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court found that Daniel had been convicted for possession with intent to distribute narcotics prior to his deportation and, in accordance with the sentencing guidelines, applied a 16 level enhancement to arrive at a sentencing range of 92-115 months.

Responding to Daniel's first appeal, we held that the district court may determine, as a matter of law, the existence of a prior conviction and classify that conviction without offending the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Daniel, 148 Fed.Appx. 833, 834-35 (11th Cir. 2005) ("An enhancement based on a prior conviction under § 2L1.2(b)(1)(A)(i), even if not admitted by the defendant, does not represent a constitutional Booker error"). See also United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005). We remanded to the district court so that it could reconsider its sentence under an advisory guideline scheme. Daniel, 148 Fed.Appx. at 836. On remand, the district court again sentenced Daniel to 96 months. This appeal followed.

On appeal, Daniel argues that the district court lacked the authority to

2

enhance his sentence beyond the statutory maximum based on the fact of a prior conviction not proven to a jury beyond a reasonable doubt or expressly admitted by him. He argues that the district court violated his Fifth and Sixth Amendment rights because, although the grand jury indicted him for a violation of § 1326(b)(2), the underlying conviction was not listed in the indictment, and the court sentenced him in excess of the two-year statutory maximum in § 1326(a) solely on the court's determination that his prior conviction was an aggravated felony. Daniel concedes that his argument is foreclosed by our interpretation of the Supreme Court's decision in United States v. Almendarez-Torres, 523 U.S. 224, 118 S. Ct. 1219 (1998). See United States v. Marseille, 377 F.3d 1249, 1257-58 (11th Cir. 2004); see also United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir. 2006); United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006).

As we have done with other defendants a number of times before, we reject the argument advanced by Daniel because it is contrary to precedent from the Supreme Court and this Circuit. That is the only issue raised on appeal. Accordingly, Daniel's 96-month sentence is

**AFFIRMED.**