[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10772
Non-Argument Calendar

_____

D. C. Docket No. 04-60243-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN NOLASCO,
a.k.a. Marbien Dias,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A federal grand jury indicted Melvin Nolasco, charging him with illegally

entering the United States after having previously been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Nolasco pled guilty without the benefit of a plea agreement. During the plea colloquy, Nolasco admitted that he is a citizen of Honduras, that he was previously convicted of second degree rape in a Maryland state court and was deported as a result, and that he later reentered the United States without permission. Nolasco further stated that he understood the potential penalties he faced for his violation, including a statutory maximum twenty years' imprisonment. The district court found Nolasco's plea to be freely and voluntarily given, accepted the plea, and sentenced him to 41 months imprisonment, two years supervised release, and a one hundred dollar special assessment. The district court enhanced Nolasco's sentence based upon his previous deportation for a crime of violence. Nolasco now appeals this sentence.

Because this case involves a preserved claim of constitutional error in sentencing, we review it *de novo*. *See United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005) (per curiam).

Nolasco argues that the district court could not impose a sentence that exceeded the two year statutory maximum penalty for illegally reentering the United States provided for in 8 U.S.C. § 1326(a). He contends that the district court could not properly consider his prior conviction in applying the twenty year

2

statutory maximum penalty for illegally reentering the United States when prior removal was "subsequent to a conviction for commission of an aggravated felony" provided for in  8 U.S.C. § 1326(b)(2).  Nolasco bases this assertion on the fact that, although the government referenced 8 U.S.C. § 1326(b)(2) in its indictment, it did not expressly allege that Nolasco was formerly removed subsequent to an aggravated felony conviction.  The United States Supreme Court, however, as Nolasco concedes, has directly rejected this argument.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222 (1998), the Supreme Court considered this same issue and held that 8 U.S.C. § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist.  It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." Accordingly, under *Almendarez-Torres*, the district court was permitted to rely on Nolasco's prior conviction of second degree rape in imposing a sentence that fell within 8 U.S.C. § 1326(b)(2) rather than within 8 U.S.C. § 1326(a).

Nolasco suggests that decisions subsequent to *Almendarez-Torres*, such as *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and

3

*Shepard v. United States*, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), indicate that the majority of the Supreme Court may no longer agree with *Almendarez-Torres*. We have recently held, however, that, while recent case law may have cast *Almendarez-Torres* into doubt, until the Supreme Court explicitly overrules it, it is still law that is binding upon this Court. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam) (citations omitted); *see also, e.g., U.S. v. Orduno-Mireles*, 405 F.3d 960, 963 (11th Cir. 2005) (citations omitted).

Because the Supreme Court has not overruled *Almendarez-Torres*, it still controls the outcome of this case. Accordingly, the district court committed no error in considering Nolasco's prior conviction of second degree rape in imposing a sentence under 8 U.S.C. § 1326(b)(2) rather than within 8 U.S.C. § 1326(a). Therefore, we AFFIRM.

**AFFIRMED.**