[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14814
Non-Argument Calendar

_____

D. C. Docket No. 03-00475-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMI ANN ALLOWITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 28, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Tammi Ann Allowtiz appeals her convictions and 151-month sentence for

use of the Internet and telephone and travel in interstate commerce to solicit the

murder of her ex-husband, Darryl Cockcroft, all in violation of 18 U.S.C. § 1958(a). She presents two arguments on appeal. First, she argues that the district court abused its discretion in allowing the government to present rebuttal testimony by her son, Blaine Cockcroft. Specifically, Blaine testified that he was unaware that Cockcroft had been abusive to his family. Second, she argues that the district court committed reversible error under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), by treating the federal sentencing guidelines as mandatory. We affirm the conviction but reverse and remand as to the sentence.

## Conviction

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Henderson, 409 F.3d 1293, 1297 (11th Cir. 2005). In this case we cannot say the district court abused its discretion. The court permitted Blaine to answer the limited questions of whether his father had been abusive because, although not relevant to the offense charged, references to Allowitz's statements that she and her children were abused had been made throughout the trial.

## Sentence

In United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), the Supreme Court held that "[a]ny fact (other than a prior conviction)

which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S.Ct. at 756.

In a second and separate majority opinion, the Supreme Court concluded that the sentencing guidelines must now be treated as advisory. Booker, 543 U.S. at ___, 125 S.Ct. at 764. Accordingly, district courts are now required to consider not only the applicable guidelines range, but also the full array of sentencing factors enumerated at 18 U.S.C. § 3553(a). Id.

We have noted that there are two types of Booker error. United States v. Shelton, 400 F.3d 1325, 1300-31 (11th Cir. 2005). First, Sixth Amendment, or, "constitutional," Booker error occurs when a district court uses extra-verdict enhancements to increase a defendant's guidelines range and then treats that range as mandatory. Shelton, 400 F.3d at 1330. Conversely, statutory Booker error occurs every time a district court treats the guidelines range as mandatory, regardless of whether it imposes any extra-verdict enhancements. Id. at 1330-31.

Because no extra-verdict enhancements were ultimately used to assign the base offense level or increase Allowitz's sentence, no constitutional error occurred under Booker. See id. at 1330. Because the district court sentenced her pursuant

3

to the mandatory guideline scheme, however, a statutory error has been established. Id. at 1330-31.

We have clarified that a preserved "statutory" Booker error is subject to a "less demanding" standard than the harmless-beyond-a-reasonable-doubt standard applicable to "constitutional" Booker errors. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). Specifically, "[a] 'non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence]," or "had but a very slight effect." Mathenia, 409 F.3d at 1291-92. If one can say "with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error'" Id. at 1292. The government bears the burden to demonstrate harmless error by showing that the error did not affect the defendant's substantial rights. United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005).

Upon review of the district court record and the briefs of the parties, we find reversible error in this case. Although the  district court sentenced Allowitz to the high end of the applicable guideline range, the district court did not indicate whether it believed that the 151-month sentence was the most appropriate sentence, or whether it would have imposed the same sentence under an advisory scheme.

4

Because it cannot be said "with fair assurance . . . that the [sentence] was not substantially swayed by the error," we vacate and remand for re-sentencing consistent with <u>Booker</u>, 125 S.Ct. at 764.   <u>See</u> <u>Mathenia</u>, 409 F.3d at 1292.

Based upon the foregoing, Allowitz's convictions are **AFFIRMED**, and her sentence is **VACATED AND REMANDED.**