[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS  K. KAHN
CLERK**

No. 05-11657
Non-Argument Calendar

_____

D. C. Docket No. 04-60285-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ACOSTA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 23, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Martin Acosta-Sanchez appeals his 48-month sentence for illegal reentry into

the United States after deportation. 8 U.S.C. § 1326. The maximum sentence under

§ 1326(a) is two years, but the maximum sentence increases to twenty years under § 1326(b)(2) if the defendant was deported after a conviction for an aggravated felony. The district court relied on Acosta-Sanchez's prior conviction to sentence him in excess of the two-year statutory maximum provided in § 1326(a). Acosta-Sanchez argues that, in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny, his sentence is illegal because the government failed to allege the prior conviction in the indictment. Acosta-Sanchez asserts that his prior conviction should have been treated as an element of the offense and included in the indictment.

Acosta-Sanchez concedes that this issue has been resolved against him by the United States Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Nevertheless, he contends that the Court's statement in Apprendi that it is "arguable that Almendarez-Torres was incorrectly decided," suggests that Almendarez-Torres may soon be overruled. He asserts that the Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and United States v. Shepard, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), further undermine the rationale of Almendarez-Torres and call its continued validity into question.

2

Because Acosta-Sanchez objected in the district court to the government's failure to allege his prior conviction in the indictment, we will review his claim <u>de novo</u>. <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1276 (11th Cir. 2005); <u>United States v. Candelario</u>, 240 F.3d 1300, 1306 (11th Cir. 2001). In <u>Almendarez-Torres</u> the Supreme Court held that a defendant's prior conviction in the context of the § 1326(b) increased-penalty provision is merely a sentencing factor that does not have to be submitted to the jury and proved beyond a reasonable doubt. 523 U.S. at 247, 118 S.Ct. at 1233. The Court later held in <u>Apprendi</u> that "[o]ther than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. The Supreme Court also stated that "we need not revisit [<u>Almendarez-Torres</u>] for purposes of our decision today to treat the case as a narrow exception to the general rule." <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct. at 2362.

After <u>Apprendi</u> was issued, we considered its effect on <u>Almendarez-Torres</u> and whether the government must allege a defendant's prior conviction in the indictment in order for the court to sentence him under the increased maximum penalty provision of § 1362(b)(2). <u>United States v. Guadamuz-Solis</u>, 232 F.3d 1363, 1363 (11th Cir. 2000). In upholding a defendant's sentence under circumstances similar to this case,

3

we held that "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent." Id. We recently revisited this issue, taking into consideration the effect of the Booker and Blakely decisions on Almendarez-Torres, and reached the same conclusion, namely, that "[the holding of Almendarez-Torres] was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). In another recent case, we addressed the issue in light of Shepard and held that "the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).

We find no reversible error. As Acosta-Sanchez acknowledges in his brief, Almendarez-Torres controls this case. Because the government is not required to allege a defendant's prior conviction in the indictment before he may be sentenced to an enhanced statutory maximum under 8 U.S.C. § 1326(b)(2), Acosta-Sanchez's argument is without merit.

**AFFIRMED.**[1]

---

[1] Acosta-Sanchez's request for oral argument is denied.