[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11209
Non-Argument Calendar

_____

D. C. Docket No. 04-00032-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELQUIADES BENITEZ-VALENCIA,
a.k.a. Paulino Valencia,
a.k.a. Nain Harrison Huerta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 16, 2005)

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Melquiades Benitez-Valencia appeals his 41-month sentence for being an alien who had illegally re-entered the United States after being deported, and whose removal had been subsequent to the commission of an aggravated felony, in violation of Sections 276(a)(1) and (b)(2) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1326(a)(1), (b)(2). On appeal, he argues that the district court violated his Sixth Amendment right to a jury and Fifth Amendment indictment and due process rights by enhancing his sentence on the basis of a prior conviction not charged in the indictment or proven to a jury. For the reasons set forth more fully below, we affirm.

According to the presentence investigation report (PSI), the present charge arose after an Immigration and Customs Enforcement Agent encountered Benitez-Valencia while he was imprisoned in Georgia on charges of burglary and criminal damage to property. After he pleaded guilty to the state charges, he was transferred to federal custody for prosecution on the instant offense.

The PSI set Benitez-Valencia's base offense level at 8, pursuant to U.S.S.G. § 2L1.2. It found that Benitez-Valencia previously had been convicted and removed, after an illegal entry into the United States, for the aggravated felony of commercial burglary, and, thus, an eight-level enhancement was added pursuant to

U.S.S.G. § 2L1.2(b)(1)(C).[1] Benitez-Valencia was then given a three-level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), for a total offense level of 13. His criminal history category was found to be VI which, at offense level 13, provided for a recommended guideline range of 33 to 41 months' imprisonment.

Benitez-Valencia did not file any objections to the PSI, but did file a motion to declare the Sentencing Guidelines unconstitutional in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). After the motion was filed, but before sentencing, the district court granted the motion to the extent required by the Supreme Court's decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which had held that the mandatory nature of the guidelines violated the Sixth Amendment.

At sentencing, Benitez-Valencia pursued one further objection, arguing that the indictment did not allege that he previously had been convicted of an aggravated felony, and, therefore, his statutory maximum sentence was being

---

[1] The offense used by the PSI was a commercial burglary committed in 1998, for which Benitez-Valencia was convicted and later deported. Furthermore, the PSI indicates that Benitez-Valencia first entered the United States in September 1997 and was deported on November 6, 1997. He again illegally entered the United States on December 8, 1997, was convicted in California for the commercial burglary offense at issue on March 23, 1998, and was deported on May 8, 1998. Despite having been deported a second time, Benitez-Valencia returned to the United States illegally on at least three other occasions, was deported each time, and again entered the United States illegally, only to again be caught for committing a crime in Georgia, leading to the instant federal charges.

increased from 2 to 20 years in violation of Apprendi v. New Jersey, 530 U.S. 466,

120 S.Ct. 2348, 147 L.Ed.2d 435 (2001). The government responded that the

indictment charged Benitez-Valencia under INA § 276(b)(2), 8 U.S.C.

§ 1326(b)(2), which provided for the 20-year statutory maximum, thus giving him

notice of the maximum punishment. It further argued that, under

Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d

350 (1998), the indictment did not have to allege the aggravated felony.

Benitez-Valencia then argued that the Almendarez-Torres decision no longer had

the support of five of the nine Supreme Court justices.

The district court overruled Benitez-Valencia's objection, finding that

Almendarez-Torres did not require the indictment to allege the aggravated felony

because it was solely an enhancement and not an element of the offense itself.[2]

The court then adopted the PSI's findings and guidelines calculations, setting a

recommended sentencing range of 33-41 months' imprisonment. After hearing

from the parties regarding an appropriate sentence, the court imposed a 41-month

sentence on Benitez-Valencia.

On appeal, Benitez-Valencia argues that the district court violated the Sixth

---

[2] The district court appears to have characterized Benitez-Valencia's argument as a motion, not an objection. To the extent that it was a motion, not an objection, the motion was denied, notwithstanding the fact that the court stated that it was overruling the objection.

Amendment right to a jury and the Fifth Amendment indictment and due process rights because it enhanced his sentence on the basis of a prior conviction to which he did not admit and that was not alleged in the indictment or found by a jury, and that the resulting sentence also violated the two-year statutory maximum penalty under INA § 276(a), 8 U.S.C. § 1326(a). He concedes that our precedent has rejected his argument. Nevertheless, Benitez-Valencia argues that the rationale for not requiring prior convictions to be charged in the indictment or proven to a jury is based on Almendarez-Torres, which he argues is in considerable doubt, and that the decisions in Blakely and Booker require that sentencing factors be charged and proven beyond a reasonable doubt.

Where a defendant makes a constitutional challenge to his sentencing enhancements, we conduct a de novo review. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). In Booker, the Supreme Court held that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at ___,125 S.Ct. at 749-51. In so doing, the Court affirmed its holding in Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

5

doubt." Booker, 543 U.S at ___, 125 S.Ct. at 756.

Post-Booker, we have held that nothing in Booker disturbed the Supreme Court's holdings in Almendarez-Torres or Apprendi, and that a district court, therefore, does not err by relying on prior convictions to enhance a defendant's sentence. See United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied ___ S.Ct. ___ (U.S. Oct. 3, 2005) (No. 05-5141); see also United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied ___ S.Ct. ___ (U.S. Oct. 3, 2005) (No. 05-6178). While Benitez-Valencia argues that the Supreme Court's recent decision in Shepard v. United States, 544 U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) casts doubt on the continuing validity of Almendarez-Torres as precedent, we recognize that Almendarez-Torres could, because of cases like Shepard, arguably be overruled. Camacho-Ibarquen, 410 F.3d at 1316 n.3. Until the Supreme Court explicitly does so, however, we have held that we will follow Almendarez-Torres as precedent. Id. Therefore, we conclude that Benitez-Valencia's argument lacks merit.

Furthermore, we feel compelled to note that there is a serious and fatal flaw to Benitez-Valencia's argument as it concerns the guidelines. Benitez-Valencia was sentenced under the post-Booker advisory guidelines. Therefore, the

guidelines enhancement made by the district court on the basis of a prior conviction could not have violated his constitutional rights because the enhancement was not binding on the court at sentencing. See Booker, 543 U.S. at ___, 125 S.Ct. at 764-65 (holding that the constitutional infirmity of the guidelines is remedied by making the guidelines advisory rather than mandatory); United States v. Chau, No. 05-10640, manuscript op. at 13-14 (11th Cir. Sept. 27, 2005) (holding that the district court properly found, by a preponderance of the evidence, facts that went beyond the letter of the charges in the indictment because the guidelines were applied in an advisory way). Benitez-Valencia's argument on appeal ignores the remedial portion of the Booker opinion and, therefore, we conclude that the district court did not commit any Sixth Amendment violation by making factual findings in connection with sentencing enhancements under the Guidelines.

Finally, as to Benitez-Valencia's Fifth Amendment challenge, notwithstanding the fact that nothing in Booker addressed the Fifth Amendment, we conclude that the maximum sentence in this case was not 2 years as he asserts, but rather 20 years, pursuant to INA § 276(b)(2), 8 U.S.C. § 1326(b)(2), as charged in the indictment itself. See INA § 276(b)(2), 8 U.S.C. § 1326(b)(2) (providing that any alien whose removal was subsequent to a conviction for an aggravated

7

felony shall face a maximum of 20 years' imprisonment). The definition of an aggravated felony, for purposes of the INA, includes theft offenses such as the commercial burglary Benitez-Valencia committed after illegally entering the United States, and for which he was subsequently deported. See INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). As we have recognized, the U.S. Code establishes the statutory maximum sentence, and Benitez-Valencia's indictment charged him under 8 U.S.C. § 1326(b)(2), providing him notice of the potential 20-year imprisonment he faced as a result of his removal following an undisputed conviction for commercial burglary. See United States v. Duncan, 400 F.3d 1297, 1308 (11th Cir.), cert. denied, ___ S.Ct. ___ (U.S. Oct. 11, 2005) (No. 05-5467).

Thus, we conclude that no Fifth or Sixth Amendment error occurred, as Benitez-Valenicia's 41-month sentence was well within the 20-year statutory maximum, prior convictions need not be proven to a jury or charged in an indictment and, in any event, the district court was free to find that Benitez-Valencia was subject to a guidelines enhancement for his prior conviction because the guidelines were not binding on the district court.

**AFFIRMED.**

8