[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2006
THOMAS K. KAHN
CLERK

No. 05-11680
Non-Argument Calendar
_____

D. C. Docket No. 04-00015-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LEE CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 4, 2006)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Daniel Lee Clark pleaded guilty to two crimes: (1) possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (2) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The presentence investigation report indicated for the cocaine charge Clark had a total offense level of 31 and a criminal history category of VI, which would have meant a guidelines range of 188-235 months imprisonment. The statutorily required term of imprisonment for the felon in possession charge was 60 months, not to be run concurrently. Putting the two together resulted in a range of 248-295 months.

However, based on his prior felony convictions for sale of cocaine and aggravated assault on a law enforcement officer, Clark qualified as a career offender under Sentencing Guidelines Manual § 4B1.1(c)(3), and because of this the presentence investigation report recommended a final guidelines range of 262-327 months.

Clark objected that <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005)**,** renders application of the career offender status to him unconstitutional. The district court rejected that contention.

Clark also objected on grounds that a criminal history category VI significantly over-represented the seriousness of his prior offenses, because there is

a 13 year gap in his criminal history. However, during all but four months of that 13 year "gap" Clark was incarcerated, and only 15 months after his final release from prison, Clark sold crack cocaine to an undercover agent, which is the offense that led to the charges in this case. Nonetheless, the court found that Clark's criminal history category did significantly over represent the seriousness of his criminal history and his likelihood of recidivism, and on that basis departed downward by three criminal history categories to III, pursuant to U.S.S.G. §4A 1.3.

That downward departure resulted in a guidelines range of 135-168 months for the cocaine charge plus 60 months on the felon in possession charge, effectively resulting in a final range of 195-228 months. The district court continued its merciful ways by sentencing Clark to the lowest point in the range, 195 months (135 months on the cocaine charge and the required 60 months for the firearms charge). The government did not object to the sentence. Clark is still unhappy with it, contending the sentence should be reversed for two reasons.

## I.

First, Clark contends that under the <u>Booker</u> decision the district court should not have found that he was a career offender under the Sentencing Guidelines Manual § 4B1.1, because under that guideline the district court finds facts beyond the existence of prior convictions. Because Clark timely raised his <u>Booker</u>

3

challenge to the career offender enhancement in the district court, we review his claim on appeal de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

A defendant will be classified as a career offender if: (1) the defendant was at least 18 years old at the time the defendant committed the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). If a court finds a defendant to be a career offender under § 4B1.1(a), the defendant's offense level is increased as specified in § 4B1.1(b).

We have held that a district court does not violate the Sixth Amendment, as interpreted in Booker, when it increases a defendant's sentence based on prior convictions. United States v. Gallegos-Aguero, 409 F.3d 1274, 1276 (11th Cir. 2005). This is so because "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005), petition for cert. filed, (U.S. July 1, 2005) (No. 05-5141) (citation omitted). Even in the post-Booker world, a district court does not err when it relies on prior convictions to enhance a defendant's sentence. U.S. v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); see Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005).

Clark seemingly argues that because this Court has not addressed the precise question of whether the prior conviction exception applies to the career offender guideline, that guideline has been unconstitutionally applied in his case. Clark gives us no sound reason for his position, and he is not able to distinguish precedent that is closely on point, the logic of which applies to this issue.

Clark's argument is wrong under existing law. See e.g. United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) ("No part of the Act or guidelines concerning extra-verdict enhancements was excised or modified by the Booker decision. The same extra-verdict enhancement provisions apply after Booker as before."). Clark's Booker argument is meritless because his career offender status was determined using prior convictions. The Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, (1998), allowing a district court to use prior convictions to enhance a defendant's sentence, remains undisturbed after Booker. Shelton, 400 F.3d at 1329; Rodriguez, 398 F.3d at 1300.

To bolster his argument, Clark urges this Court to adopt the reasoning of Justice Thomas' concurring opinion in Shepard v. United States, ___U.S.___, 125 S. Ct. 1254 (2005). Clark argues that we "should follow Justice Thomas's reasoning and decide that judicial fact-finding under the career offender guideline is unconstitutional." However, Justice Thomas' concurring opinion in Shepard

does not overrule the decision in <u>Almendarez-Torres</u>, and <u>Almendarez-Torres</u> controls this case unless the Supreme Court rules otherwise. <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005), <u>petition for cert. filed</u>, (U.S. Aug. 30, 2005) (No. 05-6178).

Another reason that Clark's <u>Booker</u> argument relating to the career offender enhancement is wrong is that the district court applied the guidelines in an advisory fashion, and <u>Booker</u> does not forbid extra-verdict enhancements in an advisory guidelines regime. <u>Rodriguez</u>, 398 F.3d at 1300.

## II.

Clark's second contention is that his sentence is unreasonable under 18 U.S.C. § 3553(a). He asserts that an appropriate sentence would be one where the career offender rule was not applied. Clark argues that the district court should have used the same factors it used to reduce his criminal history level to reach an even lower sentence than it did.

After a district court has accurately calculated the guideline range, it may impose a more severe or more lenient sentence. We review for reasonableness the sentence imposed. <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005) (citing <u>Booker</u>). In determining whether a sentence is reasonable, the Court is guided by the factors in 18 U.S.C. § 3553(a). <u>Booker</u>, 125 S. Ct. at 76–66;

6

United States v. Winingear, 422 F.3d 1241, 1245–46 (11th Cir. 2005).

Here, the district court found that Clark was a career offender and calculated his guideline range accordingly, but it departed downward from his criminal history category by three categories, and then it sentenced him to the bottom of the resulting, much-reduced guidelines range.  Having been sentenced to 195 months imprisonment rather than the 262-327 months imprisonment he would have been without the downward departure, Clark is the beneficiary of a favorable guidelines calculation.

The record clearly indicates that the district court departed downward because it found that the criminal history category significantly overstated the seriousness of defendant's criminal history.  Thus, the district court implicitly considered the factors set out in 18 U.S.C. § 3553(a), specifically, the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense.  See 18 U.S.C. § 3553(a)(1)-(2)(A); United States v. Scott, No. 05-11843, manuscript op. at 11-12 (11th Cir. Sept. 27, 2005) (holding that a district court does not have to state on the record that it considered every § 3553(a) factor).

The reasonableness of Clark's sentence is supported by the fact that his 135 month sentence for his possession with intent to distribute cocaine offense is only

about a quarter of the 40 year statutory maximum for this crime.  See <u>Winingear</u>,

422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison

term imposed against the statutory maximum).

**AFFIRMED.**