[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 12, 2006
THOMAS K. KAHN
CLERK

No. 05-12853
Non-Argument Calendar

_____

D. C. Docket No. 05-80001-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JETHRO JEROME ARTHUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 12, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jethro Jerome Arthur appeals his 30-month sentence imposed for

unlawful reentry into the United States by a previously-deported convicted felon, in violation of 8 U.S.C. § 1326. Arthur claims that the use of a prior conviction to increase his sentence violated his Sixth Amendment right to a jury trial because the conviction was not alleged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt. He also claims that his sentence imposed under the advisory guidelines scheme established by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), violated the Due Process and Ex Post Facto Clauses of the United States Constitution because he committed his offense prior to *Booker* and relied on a mandatory guidelines scheme when he pled guilty to the offense.

First, we reject Arthur's Sixth Amendment argument challenging the use of his prior conviction to enhance his sentence. Because he properly preserved this constitutional argument, we review this claim *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). With regard to *Booker* constitutional errors, an individual's Sixth Amendment right to a jury trial is violated where a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory guidelines system. *Id.* at 948. However, a district court does not violate the Sixth Amendment, as interpreted in *Booker*, when it enhances a defendant's sentence based on prior

2

convictions. *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005). Moreover, we have repeatedly upheld the continuing validity of the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), which allows a district court to use prior convictions to enhance a defendant's sentence without alleging them in the indictment and proving them beyond a reasonable doubt. *See Shelton*, 400 F.3d at 1329; *United States v. Camacho-Ibarquen*, 410 F.3d 1307 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). Accordingly, we find no constitutional *Booker* error here because Arthur's sentence was imposed under an advisory guidelines system and the district court was authorized to use his prior conviction to increase his sentence.

Second, we find meritless Arthur's due process and *ex post facto* argument, which was raised for the first time on appeal. Because we have held that there are no due process or *ex post facto* violations based on the retroactive application of *Booker*'s remedial opinion making the guidelines advisory, *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005), we conclude that no due process or *ex post facto* violations are implicated in this case.

For the above-stated reasons, we affirm Arthur's sentence.

**AFFIRMED.**

3